IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION (JACKSON)

RANDY BEVILL                                                            PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:12-cv-537-CWR-FKB

CHRISTOPHER EPPS, ET AL.                                                DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

Before the Court is the defendants' motion for summary judgment [27] seeking dismissal

in this case filed pursuant to 42 U.S.C. § 1983.  Defendants have moved for summary judgment

on the basis of the Eleventh Amendment and qualified immunity.  Plaintiff has responded to the

motion.  Plaintiff, who is incarcerated, is proceeding *pro se* and *in forma pauperis*. 28 U.S.C. §

1915.  This matter has been referred to the magistrate judge pursuant to Fed. R. Civ. P. 72(b) and

28 U.S.C. § 636(b). For the reasons explained below, the undersigned recommends that the

defendants' motion for summary judgment [27] be granted and this § 1983 action be dismissed

in its entirety, with prejudice.

<u>I.  Plaintiff's Claims</u>

Plaintiff is currently a convicted prisoner and resides in the custody of the Mississippi

Department of Corrections ("MDOC").  Defendants are the Commissioner of the MDOC,

Christopher Epps; Deputy Commissioner, Emmitt L. Sparkman; David Petrie, MDOC claims

adjudicator; and MDOC employees, Marilyn Hemphill (a/k/a "Unknown Hemphill), Rhaisance

McGlason (a/k/a "Unknown McGlason), and Melissa Lawrence (a/k/a "Unknown Larence").

Defendants "Unknown Dixon" and "Unknown Lieutenant Jones" have never been served.

In Bevill's complaint, he alleges that these various officials with the MDOC violated his

constitutional rights stemming from his custodial classification.  In particular, Plaintiff is

aggrieved that while at the Mississippi State Penitentiary in Parchman, Mississippi, he was classified as a member of a Security Threat Group ("STG") or gang, and, accordingly, he was placed in administrative segregation for twenty-three (23) days pending an investigation, all allegedly in violation of his due process rights. Plaintiff argues that he has never been a member of a gang. After the twenty-three day period, he was moved back to the general population.

As a result of his classification as a member of an STG, however, Plaintiff alleges he was removed from his job assignment as a maintenance worker in violation of his constitutional rights. He further alleges that certain defendants confiscated his property when he was placed in administrative segregation, and that the defendants failed to return his property to him. Finally, he alleges that Defendant David Petrie never processed his ARP related to these conditions. According to his complaint, it appears that he appealed the ARP decision classifying him as a member of an STG to the Circuit Court of Greene County, which affirmed the ARP decision. [3-6] at 7. The Mississippi Court of Appeals subsequently dismissed his appeal for failure to pay appeal costs. [3-8] at 1.

In this action, Bevill seeks replacement of his property, removal from the STG list, reinstatement to work status eligibility, and compensation for legal costs. According to the defendants, Bevill has exhausted his administrative remedies on these claims.

At the omnibus hearing, Bevill was given an opportunity to elaborate upon his claims. He stated that he had sued Epps because he was the Commissioner and in a position of authority. Bevill stated that he had sued Sparkman because he had possession of the STG information and had placed him in administrative segregation after giving him a detention notice. Bevill testified that he had sued McGlason, Lawrence, and Jones because they were the officers who confiscated

his property.[1]  He stated that he had sued Defendant Hemphill, whom he characterized as the

"property officer" at Unit 29 of the Mississippi State Penitentiary at Parchman.  At the omnibus

hearing, Bevill testified that he understood that Hemphill had shipped the property to another

facility to which Bevill was transferred, Central Mississippi Correctional Facility, located in

Jackson, MS.  At the hearing, Bevill alleged that "Unknown Dixon" is the officer to whom his

property had allegedly been shipped by Defendant Hemphill.  Finally, Bevill testified that he had

sued Defendant David Petrie because he failed to process Plaintiff's ARP.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court

shall grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An

issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a

verdict for the nonmoving party.'"  Lemoine v. New Horizons Ranch and Center, 174 F.3d 629,

633 (5th Cir. 1999)(quoting Colston v. Barnhart, 146 F.3d 282, 284 (5th Cir.), cert. denied, 119

S.Ct. 618 (1998)).  Issues of fact are material if "resolution of the issues might affect the

outcome of the suit under governing law."  Lemoine, 174 F.3d at 633.  "Federal summary

judgment procedure requires the court to 'pierce through the pleadings and their adroit

craftsmanship to reach the substance of the claim.'"  Hicks v. Brysch, 989 F.Supp. 797, 806

(W.D. Tex. 1997)(citing Tacon Mech. Contractors v. Aetna Cas. and Sur. Co., 65 F.3d 486, 488

---

[1]In his complaint, Bevill alleges that his property consisting of a television, head phones, radio, nail clippers, tennis shoes, watch, lock with a key, and canteen items such as coffee, noodles, crackers, hair brush, matches, tobacco, and rolling papers were confiscated. [3-1] at 7; [3-3] at 3.

(5th Cir. 1995)).  The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted).  Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence.  Little, 37 F.3d at 1075.

Although the defendants have raised the defenses of sovereign immunity and qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s] [are] entitled to dismissal on that basis."  Wells v. Bonner, 45 F.3d 90, 93 (5th Cir. 1995)(citing Siegert v. Gilley, 500 U.S. 226, 231-33 (1991)).  Thus, if the Court finds that Bevill's claims are not cognizable under § 1983, it need not reach the question of whether the defendants are entitled to immunity. Id.

### III.  Discussion

Having considered the defendants' filings, Plaintiff's omnibus hearing testimony, the Complaint, the response to the motion for summary judgment, and Plaintiff's various filings, the Court finds that Bevill's allegations simply do not state claims of constitutional proportions.

With regard to his custodial classification, in simple terms, Bevill objects to his custodial classification as a member of an STG, with its resulting housing and privilege restrictions. His claims fail on two bases.  First, "[u]nder Wilson v. Budney, 976 F.2d 957 (5th Cir. 1992), a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a

constitutional violation." <u>Neals v. Norwood</u>, 59 F.3d 530, 533 (5th Cir. 1995). Nor does he have a constitutional right to be housed in a particular prison facility. <u>See</u> <u>McKune v. Lile</u>, 536 U.S. 24, 39 (2002)("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); <u>Meachum v. Fano</u>, 427 U.S. 215, 225 (1976)(convicted prisoner has no right to incarceration in any particular prison).

The second basis on which Bevill's claims fail is that the restrictions on his privileges and classifications do not rise to the level of a constitutional violation. That is, the condition Bevill describes, being housed in administrative segregation for twenty-three (23) days pending an investigation, does not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472 (1995). Moreover, the record shows that Bevill's detention was reviewed three times (at seventy-two hours, seven days, and fourteen days), and he was moved back to the general population after the third review. [27-3] at 9-10. As the Fifth Circuit has held, "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim" because it "simply does not constitute a deprivation of a constitutionally cognizable liberty interest." <u>Pichardo v. Kinker</u>, 73 F.3d 612, 612-13 (5th Cir. 1996).

Moreover, even the loss of Bevill's prison job does not rise to the level of a constitutional violation, as a prison job may be likened to a privilege. It is well-settled that a prisoner does not have a legitimate property interest in certain jobs which would entitle him to due process protection. <u>Bulger v. United States Bureau of Prisons</u>, 65 F.3d 48, 50 (5th Cir. 1995). Therefore, because the Bevill relies on a "legally nonexistent interest, any alleged due process or other

constitutional violation arising from his classification is indisputably meritless." Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (a Mississippi case). Thus, Bevill's foregoing claims are meritless and should be dismissed.

Likewise, Bevill's loss of property claim fails to rise to the level of a constitutional violation. It is well settled that intentional deprivations of property by state officials do not violate the Due Process Clause of the Fourteenth Amendment if adequate post deprivation remedies exist. Hudson v. Palmer, 468 U.S. 517 (1984). This holds equally true for claims of negligent deprivation. Daniels v. Williams, 474 U.S. 327 (1986). State law may provide an adequate post deprivation remedy. Hudson, 468 U.S. at 517.

The State of Mississippi provides at least three post-seizure remedies, including actions for conversion, claim and delivery, and replevin, any of which Bevill can use to recover the property he insists was wrongfully taken from him. Further, it has been held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." Nickens v. Melton, 38 F.3d 183, 185 (5th Cir. 1994). Because the State of Mississippi affords Plaintiff an adequate post-deprivation remedy for the alleged deprivation of his personal property, no due process violation exists.

Finally, Bevill's claims against David Petrie, the ARP administrator, fail to rise to the level of a constitutional violation. Bevill alleges that Petrie failed to process his ARP.[2] Not only is this allegation ultimately belied by the record, as Bevill pursued his ARP beyond the administrative channels to state circuit court, but it fails to rise to the level of a constitutional

---

[2]Bevill attached to his complaint a February 15, 2011, letter from Petrie that advised him that he must attach a legible copy of his property slip for his complaint to be considered. [3-2] at 6.

-6-

violation.   A prisoner, such as Bevill, "does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." Geiger v. Jowers, 404 F.3d 371, 373-374 (5th Cir. 2005)(citing Sandin v. Conner, 515 U.S. 472 (1995)).

## IV.  Conclusion

Accordingly, the Court finds that Bevill's claims fail to rise to the level of constitutional violations, and the defendants are, therefore, entitled to summary judgment as to all of Bevill's claims.  Thus, Bevill's claims should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 19th day of February, 2014.

/s/ F. Keith Ball_____
UNITED STATES MAGISTRATE JUDGE